Edmund J. Ferdinand, III, Esq. (EF9885)
Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Telephone: (212) 220-0523
Fax: (203) 905-6747

*Attorney for Plaintiff*
ERIC JOHNSON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON,<br><br>    Plaintiff,<br><br> - against -<br><br>FLEXCO, LLC,<br><br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

**COMPLAINT**

  Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against FlexCo, LLC (hereinafter "Defendant"), states and alleges as follows:

**NATURE OF THE ACTION**

  1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This action arises from Defendant's unauthorized and unlawful reproduction, distribution, and public display of certain copyrighted photographs owned by Plaintiff, and causing, inducing, and/or materially contributing to further unauthorized and unlawful uses of such photographs, in willful

1

infringement of Plaintiff's U.S. Copyright Registrations, Registration Nos. VA 1-910-544 and VA 1-929-530.

## THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Eric Johnson is a citizen of the State of New York, County of New York, with his principal place of business in Manhattan, New York.

3. Upon information and belief, Defendant FlexCo, LLC is an Indiana limited liability corporation with its office and principal place of business in Ardsley, New York.

4. Upon information and belief, according to the records of the New York Secretary of State, Defendant is authorized to do business in the State of New York, and upon information and belief, is regularly conducting purposeful business activities in the State of New York. In addition, upon information and belief, Defendant has purposely directed substantial activities at the residents of New York by means of the web site described herein and derives substantial revenue from interstate commerce.

5. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### A. PLAINTIFF AND HIS ORIGINAL CREATION AND USE OF HIS COPYRIGHTED PHOTOGRAPHS OF AALIYAH AND THE NOTORIOUS B.I.G. & FAITH EVANS

7. Plaintiff, Eric Johnson, is a successful, award-winning professional photographer and artist. He is a citizen of the State of New York and resides in the Borough of Manhattan.

8. One focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, and

celebrities for over twenty-five years. His photographs have been published in countless books, magazines, newspapers and periodicals, featured as cover artwork for music albums, and shown in gallery shows. Several of his more well-known portraits have become truly etched into the public consciousness.

9. Plaintiff is the legal and beneficial owner of a vast number of his original photographs, certain of which he licenses and/or sells, and many of which he has not licensed or sold and instead maintains in his private personal archive. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

10. In July 1995, Plaintiff shot a series of photographic portraits of the rapper and recording artist The Notorious B.I.G. and his wife, recording artist Faith Evans (the "BIG/Evans Photographs").[1]

11. In June 2001, Plaintiff shot a series of photographic portraits of the R&B recording artist and actress Aaliyah (the "Aaliyah Photographs").[2]

12. Certain of Plaintiff's BIG/Evans Photographs and Aaliyah Photographs have come to define the enduring images of the late recording artists The Notorious B.I.G. and Aaliyah among the public and their devoted fans.

13. Plaintiff is the legal and beneficial owner of all rights, titles, and interests in and to the BIG/Evans Photographs and the Aaliyah Photographs. Plaintiff has registered his claims of authorship and ownership of the BIG/Evans Photographs and the Aaliyah Photographs with the U.S. Copyright Office, and obtained certificates of copyright registration from the U.S.

---

[1] The certificate of copyright registration covering the BIG/Evans Photographs (U.S. Reg. No. VA 1-929-530), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.
[2] The certificate of copyright registration covering the Aaliyah Photographs (U.S. Reg. No. VA 1-910-554), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.

3

Copyright Office covering each of the BIG/Evans Photographs and Aaliyah Photographs. (The certificates of copyright registration are attached hereto at Exhibit 1.)

**B.  THE DEFENDANT AND ITS BUSINESS OPERATIONS**

14. Upon information, belief, and due investigation (including, specifically, as evidenced by the contractual assignment attached hereto at Exhibit 2), Defendant is the registered owner of the web site associated with the domain name www.inflexwetrust.com (including, without limitation, the domain name www.inflexwetrust.com as well as all of the content and graphic designs of the web site hosted on such domain name) (hereinafter collectively referred to as the "Website").

15. Upon information and belief, Mr. Aron Taylor, Jr., p/k/a Funkmaster Flex ("Taylor"), is Defendant's CEO and majority owner.

16. Upon information and belief, Taylor is a professional radio DJ, musician and producer who promotes himself as "America's No. 1 radio personality, reaching more than 2 million listeners a week".

17. Upon information and belief, Defendant operates and utilizes the Website as a vehicle for the promotion of Taylor's professional services, radio show, "DJ Funkmaster Flex" mobile application, and "Funkmaster Flex" brand.

18. Upon information and belief, the Website is monetized in that it displays paid advertisements and markets goods and/or services (including the professional services of Taylor) to the public, including to persons located in the State of New York. Upon information and belief, Defendant profits greatly from its ownership and operation of the Website.

19. Upon information and belief, Defendant is responsible for all of the content (including, without limitation, photographic images) that appears on the Website.

4

20. Upon information and belief, Defendant takes an active role in selecting content to appear on the Website by, *inter alia*, selecting, copying, posting, and publicly displaying photographic images thereon, and employing moderators and administrators ("Employees") who, within the scope of their employment, select and control the content (including photographic images) displayed on the Website.

21. Upon information and belief, Defendant provides technological means on the Website by which third parties who access the Website can reproduce and/or distribute content thereon, including photographic images.

### C. DEFENDANT'S INFRINGEMENTS OF PLAINTIFF'S PHOTOGRAPHS

22. Without valid license or permission or authorization from Plaintiff, Defendant has willfully infringed and contributed to further infringements of Plaintiff's copyrights in and to at least six of the Aaliyah Photographs and at least two of the BIG/Evans Photographs by reproducing, distributing, publicly displaying, and making available for further reproduction, distribution and public display, such photographs on the Website.

23. Attached hereto at Exhibit 3 are true and correct copies of printouts of pages on the Website, each captured on September 15, 2015, showing Defendant's infringing uses of six of the Aaliyah Photographs and two of the BIG/Evans Photographs. (These six Aaliyah Photographs and two BIG/Evans Photographs are reproduced at Exhibit 4, and are collectively identified hereinafter as the "Infringed Photographs".) Each printout of the Website attached at Exhibit 3 shows an exact copy of one of the Infringed Photographs attached at Exhibit 4.

24. Upon information and belief, the copies of the Infringed Photographs displayed on the Website were posted thereon by Defendant and/or Defendant's Employees acting within the scope of their employment with Defendant.

5

25.     Upon information and belief, Defendant purposely posted certain of the Infringed Photographs on the Website with knowledge of their renown among the public and the devoted fans of The Notorious B.I.G. and Aaliyah, with the intention of attracting web visitor traffic to the Website by their visibility thereon, thereby increasing advertising revenues, brand promotion, and sales of goods and/or services promoted thereon.

26.     Upon information and belief, Defendant provides technological means on the Website by which third parties who access the web pages depicted in the printouts attached hereto at Exhibit 3 can reproduce and/or distribute content thereon, including the unauthorized copies of the Infringed Photographs, on social media platforms including Twitter and Facebook.

27.     Upon information and belief, Defendant has driven significant traffic to the Website by the presence of the Infringed Photographs thereon.  The increased traffic to the Website has led to the generation of substantial revenues for Defendant directly attributable to its infringements of Plaintiff's copyrights.

28.     Plaintiff first discovered certain of Defendant's unauthorized uses of the Infringed Photographs on the Website on or about September 29, 2014.  Subsequently, through further investigation and review of the Website, Plaintiff and his legal counsel discovered the remaining unauthorized uses of the Infringed Photographs on the Website shown at Exhibit 3.

29.     Plaintiff, through undersigned counsel, has sought to resolve Defendant's infringements by making numerous cease-and-desist demands over many months, beginning in October 2014 and most recently in July 2015.  However, Defendant has failed to respond to any of our communications in any manner, and the unauthorized copies of the Infringed Photographs of which Defendant was notified in such cease-and-desist demands remain publicly displayed and available for further reproduction and distribution on the Website to this day.  Furthermore,

Defendant commenced additional unauthorized uses of the Infringed Photographs on the Website subsequent to being put on notice of their infringements by undersigned counsel in October 2014 and since, in brazen disregard for Plaintiff's rights and copyright interests.[3]

30. Upon information and belief, despite the numerous cease-and-desist demands made to Defendant on behalf of Plaintiff, each and every one of the unauthorized uses of the Infringed Photographs on the Website of which Defendant have been put on notice remain publicly displayed on the Website and available for further reproduction and distribution by users of the Website as of the date of the filing of this Complaint.

31. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to each of the Infringed Photographs, and obtained valid certificates of copyright registration covering each of the Infringed Photographs, U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530 (attached hereto at Exhibit 1).

32. Upon information and belief, Defendant has engaged in its unauthorized uses of the Infringed Photographs knowingly of, and with reckless disregard for, Plaintiff's rights in the Infringed Photographs, and was aware and/or should have been aware that its activities constitute infringements of Plaintiff's copyrights under the Copyright Laws of the United States.

33. Upon information and belief, Defendant has engaged in its illicit reproduction, distribution and display of the Infringed Photographs for the purpose of profiting therefrom.

34. Upon information and belief, Defendant has received substantial benefits directly attributable to its unauthorized use of the Infringed Photographs, including, but not limited to,

---

[3] Upon information and belief, the dates identified in each of the web page printouts attached at Exhibit 3 indicate the dates on which Defendant posted the content contained within each such printout (including the unauthorized reproductions of the Infringed Photographs) on the Website for public display and further distribution by users of the Website. Certain of the printouts of the Website attached at Exhibit 3 indicate posting dates of January 16, 2015, March 24, 2015, August 8, 2015, August 25, 2015, and September 15, 2015.

boosted visitor traffic to the Website, advertising revenues, promotion of Defendant's brand(s), and marketing and sales of goods and/or services promoted thereon.

35. Upon information and belief, at all times material hereto, Defendant has had the means and ability to put a stop to the reproduction, distribution, and public display of the Infringed Photographs on the Website described in this Complaint and, despite being repeatedly put on notice of the infringing nature of the copies of the Infringed Photographs on the Website, has failed to do so, and instead has commenced additional unauthorized uses of Plaintiff's copyrighted photograph subsequent to bring put on notice of their infringing activities. Accordingly, Plaintiff requires this Court's intervention to put a stop to Defendant's continued willful infringements of his copyrights and vindicate his legal rights under the Copyright Act.

36. As a result of Defendant's willful misconduct described herein, Plaintiff has been substantially harmed, including, but not limited to, the diversion of trade, loss of profits, dilution of the value of his rights, erosion of the market value of the Infringed Photographs, and injury to goodwill and reputation, in amounts to be determined at trial.

37. Plaintiff has no adequate remedy at law. Defendant's infringing acts as described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff.

## FIRST COUNT
### (Direct Copyright Infringement)

38. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

39. At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to each of the Infringed Photographs. The Infringed Photographs are original, creative works of Plaintiff's authorship and constitute copyrightable subject matter under the Copyright Act.

40. Plaintiff has complied in all respects with the Copyright Act's prerequisites for a copyright infringement action, including obtaining certificates of copyright registration from the Copyright Office covering each of the Infringed Photographs (attached hereto at Exhibit 1).

41. Defendant has not obtained license, authorization or permission to use any of the Infringed Photographs in any manner, and Plaintiff has not assigned any of his exclusive rights in his copyrights in any of the Infringed Photographs to Defendant.

42. Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C § 106, Defendant improperly and illegally copied, reproduced, distributed, and publicly displayed the Infringed Photographs on the Website, as shown in the web page printouts of the Website attached hereto at Exhibit 3.

43. Defendant's use of the Infringed Photographs on the Website as set forth in this Complaint violates Plaintiff's exclusive rights under the Copyright Act and constitute willful infringement of Plaintiff's copyrights.

44. Upon information and belief, thousands of people throughout the United States have viewed the infringing copies of the Infringed Photographs on the Website.

45. Upon information and belief, Defendant has knowledge of the copyright infringements alleged herein, and has knowingly and willfully carried out its infringing activities, continues to do so through the date of filing of this Complaint despite having been repeatedly put on notice of its infringements, and will continue to do so unless enjoined by this Court.

46. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## SECOND COUNT
### (Inducement of Copyright Infringement)

47. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

48. Individuals using the Website that Defendant owns, operates, distributes, and promotes have been provided by Defendant with technological means to directly infringe Plaintiff's copyrights in the Infringed Photographs by creating and distributing unauthorized reproductions thereof from the web pages depicted in the printouts attached hereto at Exhibit 3 on social media providers including Facebook and Twitter.

49. Individuals using the Website have directly infringed, and continue to directly infringe, Plaintiff's copyrights in the Infringed Photographs by creating and distributing unauthorized reproductions thereof from the web pages depicted in the printouts attached hereto at Exhibit 3 on social media providers including Facebook and Twitter by using the technological means made available on the Website by Defendant.

50. Defendant's infringing activities have been willful, intentional, purposeful, and in complete disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

51. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been substantially harmed in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests entry of judgment against Defendant as follows:

1. Awarding of statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $150,000 for each infringed work, or, in the alternative, awarding of Plaintiff's actual

       damages and disgorgement of Defendant's wrongful profits pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial;

2.    Granting of a permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant from directly or indirectly infringing Plaintiff's U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530;

3.    Awarding of Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

4.    Such other and further relief that the Court determines is just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: September 23, 2015        Respectfully submitted,

*(signature)*

Alexander Malbin, Esq. (AM 9385)
Edmund J. Ferdinand, III, Esq. (EF 9885)
FERDINAND IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Telephone: (212) 220-0523
Fax: (203) 905-6747

*Attorney for Plaintiff*
*ERIC JOHNSON*